# Staunton

BASCOMB KEITH v. COMMONWEALTH OF VIRGINIA,

and

REDA KEITH v. COMMONWEALTH OF VIRGINIA.

September 19, 1935.

Present, All the Justices.

The opinion states the case.

*M. M. Long* and *A. T. Griffith,* for the plaintiffs in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

Bascomb Keith, the petitioner, was indicted under Code, section 4546, as amended by Acts 1932, chapter 78, for having traceable colored blood and marrying Reda Keith, a white woman. Reda Keith, the other petitioner was likewise indicted and both were found guilty by a jury and sentenced to the penitentiary. The judgment pronounced in these cases is the subject of this review.

Code, section 4546, as amended by Acts 1932, chapter 78, provides that, "If any white person intermarry with a colored person, or any colored person intermarry with a white person, he shall be guilty of a felony and shall be punished by confinement in the penitenitary for not less than one nor more than five years."

Code, section 67, as amended by Acts 1930, chapter 85, defines a colored person in this language: "Every person in whom there is ascertainable any negro blood shall be deemed and taken to be a colored person * * *."

. Bascomb Keith was twenty-two years of age at the time of trial. He had procured a marriage license from the clerk of the Circuit Court of Russell county to marry Reda Baker, a white woman. The license described the contracting parties as white. They were married by O. C. Johnson who was legally authorized and qualified to celebrate the rites of matrimony and they were married as white persons.

The grandmother of Bascomb Keith was Mary Casteel. She was never married but gave birth to six children. She was born of white parents.

Some sixty years prior to the trial of this case Mary Casteel was employed by one Pat Keith to perform general house work. Pat Keith lived with his mother. From one to three months after Mary Casteel entered the household of Pat Keith she gave birth to her oldest child whose name was Cleo Casteel. Cleo Casteel married Nath Keith and she is the mother of Bascomb Keith.

Mary Casteel, the grandmother of Bascomb, subse-

quently to the birth of Cleo Casteel gave birth to five other children and she and all of her children continued to live in the house of Pat Keith as a member of his family. Pat Keith was never married and at his death he devised all of his property to the children of Mary Casteel.

The Commonwealth contends that Cleo Casteel Keith the mother of Bascomb Keith was the daughter of Pat Keith and that Pat Keith had negro blood in his veins.

The petitioner contends, first, that Pat Keith had no traceable negro blood, and second, that if he did then the Commonwealth has failed to prove that Pat Keith was the father of petitioner's mother, Cleo.

As in all criminal trials, the burden in this case was upon the Commonwealth to prove beyond a reasonable doubt that Pat Keith had negro blood and also that he was the grandfather of the accused, Bascomb Keith.

As we view the case it becomes immaterial whether Pat Keith had negro blood or not because, as a matter of law the Commonwealth has failed to prove beyond a reasonable doubt that Bascomb Keith, the accused, was descended from Pat Keith. In other words there has been a failure of proof that Cleo Casteel Keith, the mother of Bascomb, was the daughter of Pat Keith. No witness has said that she was. On the other hand Cleo has testified that her mother, Mary Casteel told her that her father was one Thomas Belcher.

When the evidence is analyzed, and if it be conceded that Pat Keith had negro blood, all that the Commonwealth has shown to establish that Bascomb was a grandchild of Pat, are these insufficient circumstances; that Bascomb's mother, Cleo, was a daughter of Mary Casteel; that Cleo was born from one to three months after Mary went to live in the home of Pat; that five other illegitimate children were born of Mary after the birth of Cleo and while Mary lived in the home of Pat and that Pat devised his property to the children of Mary Casteel, among whom was Cleo, the mother of the accused. Op-

posed to these circumstances is the evidence of Cleo who testifies that her mother told her that her (Cleo's) father was Thomas Belcher.

These circumstances, as a matter of law fail to demonstrate beyond a reasonable doubt that the accused Bascomb Keith has negro blood and therefore we conclude that his marriage with Reda Baker did not violate Code, section 4546, as amended by Acts 1932, chapter 78. The reversal of the judgment against Bascomb Keith necessarily causes us to reverse the judgment against Reda Keith. The cases are remanded to the lower court with directions to dismiss the indictments unless the Commonwealth can produce other and stronger evidence.

*Reversed and Remanded.*